# UNITED STATES DISTRICT COURT

District of _____ COLORADO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | |
| PATRICK COBBIN | Case Number: 07-cr-00362-WDM-02 |
| | USM Number: 35303-013 |
| | Mitchell Baker, Appointed |
| | Defendant's Attorney |

## THE DEFENDANT:

[X] pleaded guilty to count(s)    1 of the Superseding Indictment

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[ ] was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting | 11/14/06 | 1 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment and my findings and conclusions, a transcript of which is attached and incorporated by reference. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s) 2 through 6 and 10 and 11 of the Superseding Indictment are dismissed as to the defendant on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 29, 2008
Date of Imposition of Judgment


Signature of Judge


Walker D. Miller, U.S. District Judge
Name and Title of Judge

8/04/08
Date

DEFENDANT:          PATRICK COBBIN
CASE NUMBER:        07-cr-00362-WDM-02

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:     twenty-four (24) months.

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____    ☐    a.m. ☐    p.m.    on    _____ .

·    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 12 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____    to    _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        PATRICK COBBIN
CASE NUMBER:      07-cr-00362-WDM-02

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:        three (3) years.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall provide access to any requested financial information.

DEFENDANT:        PATRICK COBBIN
CASE NUMBER:      07-cr-00362-WDM-02

## SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2.      The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

Judgment — Page __5__ of __10__

DEFENDANT:        PATRICK COBBIN
CASE NUMBER:      07-cr-00362-WDM-02

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| TOTALS  | $ 100.00       | $ 0.00   | $ 467,767.31    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Mortgageit<br>5022 Gate Parkway, Suite 400<br>Jacksonville, FL 32256<br>Ref: Loan #40706815 | $213,785.00 | $213,785.00 | |
| Specialized Loan Servicing, LLC<br>Attn: Legal Dept.<br>8742 Lucent Blvd., Suite 300<br>Highlands Ranch, CO 80129<br>Ref: Loan #1002837366 | $123,982.31 | $123,982.31 | |
| Freedom Mortgage Corporation<br>907 Pleasant Valley Avenue, Suite 3<br>Mt. Laurel, NJ 08054<br>Attn.: David Altman, Corporate Counsel<br>Ref: Loan #4105326/0081220303 | $130,000.00 | $130,000.00 | |
| TOTALS | $ 467,767.31 | $ 467,767.31 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the  ☐ fine  ☒ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        PATRICK COBBIN
CASE NUMBER:      07-cr-00362-WDM-02

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   ☐ Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**   ☒ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☒ F below); or

**C**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒ Special instructions regarding the payment of criminal monetary penalties:

      Restitution shall be paid in equal monthly installments of at least $200 during the term of supervised release.

      All funds forfeited in 07-cv-00131-WDM shall be credited toward the balance of the defendant's restitution obligation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Tremayne Miller, 07-cr-00074-REB-01 and Torrence James, 07-cr-00362-WDM-01

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:        PATRICK COBBIN
CASE NUMBER:    07-cr-00362-WDM-02

# STATEMENT OF REASONS

**I**    **COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

     A  ☒     **The court adopts the presentence investigation report without change.**

     B  ☐     **The court adopts the presentence investigation report with the following changes.**

              (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
              (Use page 4 if necessary.)

       1     ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

       2     ☐    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

       3     ☒    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

                 Criminal history category of IV over-represents the defendant's true criminal history - Thus, criminal history category III is more representative of the defendant's true history.

       4     ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

     C  ☐     **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II**    **COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

     A  ☒    No count of conviction carries a mandatory minimum sentence.

     B  ☐    Mandatory minimum sentence imposed.

     C  ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

           ☐   findings of fact in this case

           ☐   substantial assistance (18 U.S.C. § 3553(e))

           ☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III**    **COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

     Total Offense Level:    18
     Criminal History Category:    IV
     Imprisonment Range:      41    to    51    months
     Supervised Release Range:     2    to    3    years
     Fine Range: $  6,000      to   $ 60,000
     ☒   Fine waived or below the guideline range because of inability to pay.

DEFENDANT:  PATRICK COBBIN
CASE NUMBER:  07-cr-00362-WDM-02

# STATEMENT OF REASONS

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)

C ☒  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☒  The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A  **The sentence imposed departs** (Check only one.):
☒ below the advisory guideline range
☐ above the advisory guideline range

B  **Departure based on** (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
☒ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3  **Other**
X  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C  **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | |
|---|---|---|
| ☒ 4A1.3 Criminal History Inadequacy | ☐ 5K2.1 Death | ☐ 5K2.11 Lesser Harm |
| ☐ 5H1.1 Age | ☐ 5K2.2 Physical Injury | ☐ 5K2.12 Coercion and Duress |
| ☐ 5H1.2 Education and Vocational Skills | ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.13 Diminished Capacity |
| ☐ 5H1.3 Mental and Emotional Condition | ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare |
| ☐ 5H1.4 Physical Condition | ☐ 5K2.5 Property Damage or Loss | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5H1.5 Employment Record | ☐ 5K2.6 Weapon or Dangerous Weapon | ☐ 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 Family Ties and Responsibilities | ☐ 5K2.7 Disruption of Government Function | ☐ 5K2.18 Violent Street Gang |
| ☐ 5H1.11 Military Record, Charitable Service, Good Works | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.20 Aberrant Behavior |
| | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.22 Age or Health of Sex Offenders |
| | | ☐ 5K2.23 Discharged Terms of Imprisonment |
| | | ☐ Other guideline basis (e.g., 2B1.1 commentary) |

D  **Explain the facts justifying the departure.** (Use page 4 if necessary.) See attached transcript of proceedings for any needed explanation. The court finds that criminal history category IV over-represents the seriousness of the defendant's criminal history. The court finds that criminal history category III more appropriately represents his criminal history. Accordingly, the court finds that the guideline range is more appropriately calculated as 33 to 41 months, in relation to criminal history category III.

DEFENDANT:      PATRICK COBBIN
CASE NUMBER:    07-cr-00362-WDM-02

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

**A**    **The sentence imposed is** (Check only one.):

   ☒ below the advisory guideline range

   ☐ above the advisory guideline range

**B**    **Sentence imposed pursuant to** (Check all that apply.):

   1    **Plea Agreement** (Check all that apply and check reason(s) below.):
     ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
     ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
     ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

   2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
     ☐ government motion for a sentence outside of the advisory guideline system
     ☒ defense motion for a sentence outside of the advisory guideline system to which the government did not object
     ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

   3    **Other**
     ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

**C**    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

   ☒ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

   ☒ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

   ☒ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

   ☒ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

   ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

   ☒ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

   ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D**    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary.) See attached transcript of proceedings for any needed explanation.

| | | Judgment—Page 10 of 10 |
|---|---|---|
| DEFENDANT: | PATRICK COBBIN | |
| CASE NUMBER: | 07-cr-00362-WDM-02 | |

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: __$467,767.31_____

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00362-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PATRICK COBBIN,

    Defendant.

---

REPORTER'S TRANSCRIPT
(Sentencing Hearing:  Order)

---

    Proceedings before the HONORABLE WALKER D. MILLER, Judge, United States District Court for the District of Colorado,  commencing at 8:40 a.m., on the 29th day of July, 2008, in Courtroom A902, United States Courthouse, Denver, Colorado.

APPEARANCES

    TIMOTHY NEFF, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    MITCHELL BAKER, Mitch Baker, Attorney at Law, 1543 Champa Street, Suite 400, Denver, CO 80202 appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Janet M. Coppock, 901 19th Street, Room A-257, Denver, Colorado, 80294, (303) 893-2835

1      PROCEEDINGS

2          *THE COURT:* The report and its addenda are

3   incorporated by reference as part of my findings and

4   conclusions in this matter. They certainly are subject to the

5   defendant's objections and arguments.

6          (A portion of the proceedings was not transcribed.)

7          *THE COURT:* All right. Is there anything further

8   before we proceed with sentencing?

9          Hearing nothing, then I note that we do proceed

10  pursuant to Title 18 U.S.C. 3553(a) and the various factors

11  identified which do include consideration of the guideline

12  calculations. I do consider those carefully as they are the

13  product of extensive study and experience and really reflect a

14  study that no individual could perform and come up with

15  comparators that are the equivalent so long as we understand

16  the appropriate application to the individual fact situation.

17         The guideline calculations are summarized beginning on

18  Page 10 or 11 and we have addressed some of these issues in our

19  colloquy. The base offense level is seven. Using the loss

20  figure of something over $400,000 but less than $1 million

21  results in a 14-level enhancement. There is a two-level

22  enhancement because of unlawful use of identification. The

23  probation officer takes the position that the defendant's role

24  in the offense was minor and he should therefore receive a

25  two-level reduction placing him with an adjusted offense level

1  of 21.  By pleading guilty and accepting responsibility and

2  upon the government's motion, that level is reduced to 18.

3          I would note that if one were to ignore the loss and

4  reduce the amount of the loss and attribute it or measure it by

5  the amount of gain, it would be a less than a $400,000 figure

6  and result in some downward adjustment.

7          The defendant's criminal history does reflect

8  regrettably his upbringing and indicates criminal convictions

9  beginning at age 12 and proceeding through his teenage and

10  young adult years principally accruing points because of drug

11  convictions and also because of the fact that he was under a

12  sentence at the time of the commitment of this crime leading to

13  an eight criminal history points placing him in Criminal

14  History Category IV.

15          I do tend to agree with the government.  It's

16  debatable whether it's substantially more or whether there is a

17  substantially greater risk of the defendant committing more

18  crimes.  I would agree that the criminal history category of

19  four, given the comparative minor nature of the convictions,

20  does overstate the criminal history category of this defendant

21  and a Criminal History Category III would be more

22  representative of individuals under the guideline calculation

23  so that although it's a close call, I would use Criminal

24  History Category III in my calculation of the guideline

25  recommendations.

1    And that indicates then, as I think I previously

2  mentioned, that the guideline range would be more appropriately

3  33 to 41 months rather than 41 to 51 months.  And arguably you

4  could say it's 30 to 37 with regard to the amounts involved,

5  but in any case, there would also be a supervised release of

6  three years, a special assessment of $100.  And the parties do

7  not dispute that the identified amounts of loss identified

8  three lenders totaled $467,767.31.

9    My review of these matters under section 3553, first

10 of all, the nature and circumstances of the offense and the

11 history and characteristics of the defendant are well

12 represented in the Presentence Investigation Report.  Certainly

13 the fact of the defendant's prior history is one that should be

14 kept in mind when arriving at the ultimate conclusion.  Coming

15 up with a sentence that reflects the seriousness of the

16 offense, promotes respect for law and provides a just and

17 reasonable punishment, one certainly needs to consider how

18 other people have been sentenced, not only to avoid sentencing

19 disparity, but also to have a sense of how crimes of this

20 nature should be punished with the loss of liberty.  The

21 guidelines give us a sense that a two to three-year sentence

22 would be appropriate in general.

23    The defendant indicates that he now better understands

24 what he has done, does state that he believes he has learned

25 something and is apologetic for his activities which indicates

1   that the prosecution and sentencing process is providing some

2   deterrence and will hopefully protect the public from further

3   crimes by this defendant.

4        No particular suggestion has been made with regard to

5   training, care or other treatment while the defendant is in

6   custody, although presumably drug education and NA or AA would

7   help the defendant while he is in custody.

8        Mr. Miller was sentenced to 20 months and the

9   government argues he is distinguishable given the more

10  extensive involvement by this defendant and this defendant's

11  criminal history.  I agree with the government that it would be

12  appropriate and not disparate for this defendant to be

13  sentenced at a higher level than 20 months.

14       The government's motion for downward departure

15  describes that this defendant has been fully cooperative and is

16  critical and has provided substantial assistance with regard to

17  Mr. James, and that the assistance was timely and full and

18  truthful, and the government moves for a sentence of 24 months.

19       I will grant the motion to depart downward.  And the

20  24 months does seem to me to balance well with the

21  circumstances of this defendant's involvement in these criminal

22  acts vis-a-vis the defendant Miller who was not before me, but

23  it seems to me that 24 months is a just and reasonable sentence

24  and I so conclude.

25       Any questions about my ruling?

1    *MR. NEFF:*  None for the government, Your Honor.

2    *MR. BAKER:*  No, Your Honor.

3    *THE COURT:*  We will proceed with formal sentencing.  I

4  would ask that the defendant stand with counsel at the

5  microphone.

6         Pursuant to the Sentencing Reform Act, it is my

7  judgment that the defendant be committed to the custody of the

8  Bureau of Prisons for a term of 24 months.  Upon release, he

9  shall be placed on supervised release for a term of three years

10  and shall report to the nearest probation office within 72

11  hours of release.

12         While on supervised release, defendant shall not

13  commit another federal, state or local crime; shall not possess

14  a firearm; and shall comply with the standard conditions that

15  have been adopted by the Court.

16         Defendant shall not unlawfully possess controlled

17  substances and shall refrain from any unlawful use thereof; and

18  submit to periodic drug tests, one within 15 days of release

19  and two thereafter.

20         If not already done, the defendant shall cooperate in

21  a collection of a DNA sample and shall also comply with the

22  following special conditions:

23         Defendant shall not incur new credit charges or open

24  additional lines of credit without approval of an officer

25  unless the defendant is in compliance with the periodic payment

1  obligations imposed in this judgment.

2         Defendant shall participate in a program of testing

3  and treatment for drug and alcohol abuse as directed by the

4  officer until such time as the defendant is released by the

5  officer; and shall abstain from the use of alcohol and other

6  intoxicants during the course of treatment.

7         I do order the restitution to the three named victims

8  totaling $467,767.31, but I make that subject to -- well, I

9  make it joint and several with Mr. Miller and subject to credit

10  for all funds forfeited on account of any defendant who is

11  concurrently responsible for that amount.  So in particular, so

12  the record is clear, it is my intent that the defendant will

13  benefit from the forfeiture of the Miller funds.  That does not

14  decide any civil liability for contribution from the defendant

15  by Mr. Miller if he has any unique claim to those funds, but

16  all I am saying is it is appropriate that this defendant and

17  any other defendant who is made joint and severally liable for

18  these funds shall receive a full credit for any forfeiture.

19         I do make the finding pursuant to 3663A(c)(3)(B) that

20  the -- there is no other restitution ordered to any other

21  victim who may have lost, but has been seemingly unable to

22  inform either the probation office of this Court or the

23  prosecution of what that loss is.

24         I do find the defendant does not have the ability to

25  pay interest and waive interest on the amount of restitution

1 and I also waive any fine in this case, but do order the

2 special assessment which is due immediately.

3       I do accept your plea which means you are convicted,

4 but you -- and you can't appeal that conviction, but you can

5 appeal the sentence. And if you wish to do so, you need to

6 file a notice of appeal within 10 days of entry of judgment and

7 judgment should enter shortly. If you don't file within that

8 10-day period, you will lose the right to appeal your sentence

9 as well.

10       Is there anything else we should address?

11       *MR. NEFF:* Your Honor, I believe I just had a pending

12 motion for the dismissal of remaining counts, but other than

13 that, nothing for the government.

14       *THE COURT:* It's all counts other than Count 1; is

15 that correct, Mr. Baker?

16       *MR. BAKER:* Yes, sir.

17       *THE COURT:* All right. The order is in appropriate

18 form and I will sign the order dismissing all other counts.

19                 REPORTER'S CERTIFICATE

20     I certify that the foregoing is a correct transcript from

21 the record of proceedings in the above-entitled matter. Dated

22 at Denver, Colorado, this 29th day of July, 2008.

23

24                              S/Janet M. Coppock

25